[Civ. No. 12201. Second Appellate District, Division Two.—November 3, 1939.]

## HERMAN C. WERK, Jr., Appellant, v. WILLIAM REHKOPF et al., Respondents.

August J. O'Connor and George J. Hider for Appellant.

Joseph A. Spray and Charles P. Gould for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial by jury in an action to recover damages resulting from an automobile accident plaintiff appeals.

The essential facts are:

June 26, 1937, plaintiff was operating his automobile at a speed of fifty miles per hour in a southerly direction on Fremont Avenue and approaching its intersection with Commonwealth Avenue in the city of Alhambra, California. At the same time the defendant Rehkopf was proceeding in his auto-

mobile in a northerly direction on Fremont Avenue and approaching the same intersection. Defendant Rehkopf entered the intersection and turned to the west on Commonwealth Avenue. As he did so, the right rear of his car was struck by plaintiff's automobile. In turning to the left defendant Rehkopf failed to comply with the provisions of section 544 of the Vehicle Code (i. e., by giving an appropriate signal during the last 50 feet his automobile traveled before turning, indicating that he intended to turn to the left), and of section 540 of the same code (i. e., by passing immediately to the right of the center of the intersection before turning). Likewise in approaching the intersection plaintiff was exceeding the *prima facie* speed limit fixed by section 511 of the Vehicle Code.

This is the question presented for determination:

■ *Was there substantial evidence to sustain the implied findings of the trial jury that (a) defendant Rehkopf's failure to comply with sections 544 and 540 of the Vehicle Code were not the proximate cause of the accident, and (b) plaintiff was guilty of contributory negligence in operating his automobile at a speed in excess of the prima facie speed limit fixed by section 511 of the Vehicle Code?*

This question must be answered in the affirmative. There is substantial evidence to sustain the facts set forth above and it is unnecessary to cite authority for the proposition that, where from the evidence a reasonable inference may be drawn supporting a finding of fact either in favor of the plaintiff or defendant, the trial jury's determination of the facts is conclusive upon an appellate court.

Viewing the evidence in the light most favorable to the defendants (respondents), there is substantial evidence to sustain a finding that defendant Rehkopf's negligence was not the proximate cause of the accident and plaintiff was guilty of contributory negligence in operating his automobile at a speed of fifty miles per hour. The verdict of the jury on these points in favor of defendants is conclusive here.

The judgment is affirmed.

Wood, Acting P. J., concurred.